### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BAUDELAIRE TCHOUALA, | : | No. 3:26cv887 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CRAIG LOWE, | : | |
| Respondent | : | |

................................................................................................................

### <u>MEMORANDUM ORDER</u>

Before the court is a petition for writ of habeas corpus filed by Baudelaire

Tchouala pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his

present detention at the Pike County Correctional Facility in Lords Valley,

Pennsylvania by Immigration and Customs Enforcement ("ICE") and the

Department of Homeland Security ("DHS"). Tchouala seeks immediate release

from custody or, alternatively, an immediate bond hearing before an Immigration

Judge ("IJ"). (Doc. 1 at 8). For the reasons set forth below, the petition will be

granted in part. The respondent will be directed to provide the petitioner with a

bond hearing before an IJ within 14 days.[1]

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner asserts that his continued detention violates his right to due process. Thus, the court has habeas jurisdiction over the petition. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004).

Baudelaire Tchouala is a native and citizen of Cameroon. (Doc. 8-2, Resp. Ex. 1, Form I-213, at 4).  According to the record, Tchouala was employed by Wal-Mart Associates Inc. in 2018 and HEB Grocery Company LP in 2019. (Id. Resp. Ex. 1, Presentence Report ¶ 29).  Between 2020 and 2023, he worked as a soccer instructor in Houston, Texas, for approximately eight months, and in Vermont for seven months. (Id. ¶ 69). The record also reflects that he was employed by Door Dash as a delivery driver in April 2022. (Id. ¶ 68). Beyond that, the record contains little to no information regarding Tchouala's employment history.

In his emergency motion to expedite a ruling on his petition, Tchouala contends that he is the father of a five-year-old daughter who has suffered substantial hardship during his incarceration. (Doc. 13 at 2).  He further represents that both his daughter and her mother are financially dependent on him and are experiencing financial hardship as a result of his detention. (Id.)

On August 9, 2016, petitioner was admitted into the United States as a nonimmigrant on an F-1 visa, with authorization to remain in the country for a temporary period not beyond January 19, 2017. (Doc. 8-2, Resp. Ex. 1, Non-Immigrant Visa ("NIV") Record, at 8-9; Doc. 8-3, Resp. Ex. 2, Notice to Appear at 2).  However, Petitioner remained in the United States past that date without authorization. (Id. Ex. 1 Form I-213 at 5; Id. Ex. 2, Notice to Appear at 2).

2

According to respondent, Tchouala filed an application for withholding of removal on May 23, 2017. (Doc. 8, Resp. Br. at 2).  Respondent maintains that the application remains pending. (Id.)  Respondent further contends that on August 4, 2020, an I-130 petition for Alien Relative and an I-485 Application to Register Permanent Residence or Adjust Status were filed on petitioner's behalf. (Id.)  Nonetheless, both applications were denied on April 24, 2022. [2] (Id.)

On December 7, 2023, Tchouala pled guilty to conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) in the United States District Court for the Southern District of Texas. (Doc. 8-2, Resp. Ex. 1, S.D. Tex Judgment at 36).  The Honorable Alfred H. Bennett sentenced the petitioner to eighteen (18) months imprisonment on June 20, 2024. (Id. at 37).  Judge Bennett further sentenced petitioner to a two (2) year term of supervised release. (Id. at 38).

---

[2] In support of these assertions, the respondent cited to "Ex. 1 at 6."  Upon careful review, however, that citation does not appear to match with the record.  Even so, respondent's record reflects that "Laterria Hazel Marie Duffie, of Oklahoma City, Oklahoma, submitted a Withdrawal of Petition or Application . . . on behalf of [petitioner] on April 13, 2022. On the form, Ms. Duffie submits she wished to withdraw her FormI-130 [sic] and Form I-864 and waived her right to appeal." (Doc. 8-2, Resp. Ex. 1, Presentence Report ¶ 59).  Apparently, Ms. Duffie "was promised $10,000 to marry [petitioner] so he can get his green card." (Id.)  In a sworn statement, Ms. Duffie noted that she did not receive any payments, never resided with petitioner, and did not know where he lived. (Id.)

3

On July 24, 2024, ICE Enforcement and Removal Operations ("ERO") Williamsport encountered Tchouala pursuant to the Criminal Alien Program while he was incarcerated at the Low Security Correctional Institution Allenwood in White Deer, Pennsylvania. (Doc. 8-2, Resp. Ex. 1, Form I-213, at 5). ICE Officers determined that petitioner was removable from the United States and, as a result, issued a notice of action and a warrant for his arrest. (Id.)

On April 9, 2025, ICE charged petitioner as a deportable alien for violating the following provisions of the Immigration and Nationality Act ("INA"): 1) Section 237(a)(1)(B) for overstaying his visa; 2) Section 237(a)(2)(A)(iii) for being convicted of an aggravated felony relating to laundering monetary instruments or engaging in transactions involving property derived from specified unlawful activity; and 3) Section 237(a)(2)(A)(i) for being convicted of a crime involving moral turpitude.[3] (Doc. 8-3, Resp. Ex.2, Form I-831 at 5). ICE thereafter issued a Notice to Appear for a hearing before an IJ scheduled for April 22, 2025. (Id. at Ex. 2, Notice to Appear at 2). Thereafter, on May 28, 2025, petitioner was placed into ICE custody and transported to Clinton County Correctional Facility. (Doc. 8-11, Resp. Ex. 10, Form I-830 at 1, 2).

---

[3] An "aggravated felony" includes "an offense that...involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M).

4

At some point, Tchouala appealed his criminal conviction to the United States Court of Appeals for the Fifth Circuit. On August 11, 2025, the Court of Appeals dismissed petitioner's appeal as frivolous. (Doc. 8-11, Resp. Ex. 7, Mandate at 1). Specifically, the Court of Appeals issued a show cause order dismissing Tchouala's appeal because he had waived his right to appeal his sentence as part of his plea agreement.[4] (Doc. 8-10, Resp. Ex. 9, Show Cause Order at 1-2). On August 29, 2025, petitioner filed a motion to recall the mandate and reopen his direct appeal.[5] (Doc. 8-9, Resp. Ex. 8, Motion to Recall Mandate at 1). No further information has been provided regarding the status of that motion.

Meanwhile, on August 13, 2025, an IJ found Tchouala removable and ordered him removed to Cameroon. (Doc. 8-4, Resp. Ex. 3, IJ Order at 1, 3). The IJ also denied petitioner's application for withholding of removal. (Id. at 1). Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (Doc. 8-7, Resp. Ex. 6, Filing Receipt at 1).

---

[4] In its show cause order, the Court of Appeals for the Fifth Circuit admonished Tchouala's counsel for pursuing meritless appeals. (Doc. 8-10, Resp. Ex. 9, Show Cause Order at 2). According to the Court of Appeals, this was not the first instance counsel had been admonished for such conduct. (Id.) Consequently, counsel was ordered to show cause why sanctions should not be imposed. (Id. at 2-3).

[5] In his motion, Tchouala raised an ineffective-assistance-of-counsel claim, asserting that counsel failed to consult with him regarding the issues to be raised on appeal and filed an appellate brief without his knowledge or consent. (Doc. 8-9, Ex. 8, Motion to Recall Mandate at 1-2).

In January 2026, petitioner requested a <u>Joseph</u> hearing and custody redetermination before an IJ to determine whether he was properly subject to mandatory detention under 8 U.S.C. § 1226(c). (Doc. 8-12, Resp. Ex. 11, Hearing Motion at 5).  In an order dated January 12, 2026, the IJ concluded that petitioner had withdrawn his request for custody redetermination without prejudice.[6] (<u>Id.</u> IJ Order at 3).

On January 21, 2026, the BIA ruled on Tchouala's appeal from the IJ's August 13, 2025 removal decision. (Doc. 8-5, Resp. Ex. 4, BIA Decision at 2). The BIA concluded that it could not meaningfully review the appeal because the record of proceedings was incomplete. (<u>Id.</u>)  Specifically, the record did not include a transcript of the hearing before the IJ or the IJ's oral decision. (<u>Id.</u>) Accordingly, the BIA remanded the matter to the IJ for further action. (<u>Id.</u>)

A month later, the IJ returned the matter to the BIA for adjudication of the previously filed appeal after the deficiencies in the record were resolved. (Doc. 8-

---

[6] Respondent maintains that, on January 12, 2026, the IJ held a hearing on Tchouala's motion. (Doc. 8 Resp. Br. at 4).  The record, however, does not reflect that such a hearing occured. Rather, it appears that the IJ deemed Touchala to have withdrawn his motion for custody redetermination based on his representation that his "criminal conviction is on direct appeal" and therefore "is not final for immigration purposes." (Doc. 8-12, Resp. Ex. 11, Hearing Motion at 5).

6, Resp. Ex. 5, IJ Certification at 1).  Petitioner's removal proceedings are currently pending.[7]

Through his petition for writ of habeas corpus, Tchouala argues that his prolonged and continued detention without a bond hearing violates his constitutional rights. (Doc. 1 at 3-4).  According to Tchouala, his detention is governed by 8 U.S.C. § 1226(c). (Doc 14, Traverse at 1).  Petitioner further contends that the framework established in <u>German Santos v. Warden Pike Cnty. Corr. Facility</u>, 965 F.3d 203 (3d Cir. 2020) applies to his case. (<u>Id.</u>)

On behalf of Respondent Craig Lowe, the United States Attorney's Office for the Middle District of Pennsylvania agrees that 8 U.S.C. § 1226(c) governs the petitioner's detention but contends that such detention does not violate the INA or the Due Process Clause of the Fifth Amendment.

The framework set forth in <u>German Santos</u> applies here because petitioner is detained under 8 U.S.C. § 1226(c) following convictions for certain crimes. 965 F.3d at 207.

Section 1226(c) is a mandatory detention statute, applicable to a class of aliens convicted of certain crimes. <u>See</u> <u>Demore v. Kim</u>, 538 U.S. 510, 518 (2003).  Section 1226(c) does not limit the length of the detention it authorizes,

---

[7] EOIR Automated Case Information, located at: <u>https://acis.eoir.justice.gov/en/</u> (last accessed May 19, 2026).

Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), but "a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional under the Due Process Clause of the Fifth Amendment." Ibrahim v. Superintendent of Miami Corr. Facility, No. 1:25-CV-00727, 2026 WL 116489, at *4 (M.D. Pa. Jan. 15, 2026) (Wilson, J) (citing German Santos, 965 F.3d at 208–09; see also Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("statute[s] permitting indefinite detention of an alien would raise a serious constitutional problem").

In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing." German Santos, 965 F.3d at 210 (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011), abrogated in part on other grounds by Jennings, 583 U.S. at 304–05. This is "a 'highly fact-specific' inquiry." Id. (quoting Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 474 (3d Cir. 2015), abrogated in part on other grounds by Jennings, 583 U.S. at 304–05). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. Id. at 211 (citations omitted).

***Duration of Detention*** – Duration of detention is the most significant factor. German Santos, 965 F.3d at 211.  Under the case law, "[t]here is no presumption of reasonableness or unreasonableness of any duration." Id. (citing Chavez-Alvarez, 783 F.3d at 474 n.7; Diop, 656 F.3d at 234).  The longer noncitizens are detained under Section 1226(c) without bond hearings, however, "the more likely their detention abridges the liberty secured by the Due Process Clause." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 433 (3d Cir. 2026) (citing German Santos, 965 F.3d at 209–10; Demore, 538 U.S. at 532).

Tchouala has been detained since May 28, 2025, a period approaching one year.  Although petitioner argues that the length of his detention pushes this case toward the outer bounds of what due process tolerates, it still falls short of the periods courts in this district have typically deemed unreasonable for detainees held under Section 1226(c). Yirenkyi v. Hoover, No. 3:25CV2414, 2026 WL 268230, at *4 and Appx. (M.D. Pa. Feb. 2, 2026) (collecting cases). Nonetheless, in Michelin, the Third Circuit reiterated clearly: detention becomes more and more suspect after five months for Section 1226(c) detainees. 169 F.4th at 433 (citing German Santos, 965 F.3d at 211–12); see also Diop, 656 F.3d at 234 (discussing Demore, 538 U.S. at 530).

The undersigned concludes that, at this juncture, the duration of Tchouala's civil immigration detention weighs in favor of granting relief.

***Likelihood of Continued Detention*** – The second German Santos factor also favors the petitioner. Tchouala's detention is likely to continue well into the future. His removal order, issued on August 13, 2025, is not yet final and his appeal before the BIA has been pending for three months. (Doc. 8-6, Resp. Ex. 5, IJ Certification at 1). Should the BIA affirm, Tchouala may further appeal to the appropriate Circuit Court of Appeals.

As this stage, the undersigned cannot reasonably predict how long Tchouala's immigration proceedings will remain pending or whether the matter may be remanded at any point during the appellate process. What is clear, however, is that petitioner faces continued detention for an undetermined period—likely many more months. "When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." German Santos, 965 F.3d at 211. Consequently, this factor weighs in favor of relief.

***Reasons for the Delay*** – The third factor considers the reasons for the delay, "such as a detainee's request for continuances." Id. (citing Diop, 656 F.3d at 234; Demore, 538 U.S. at 531). The court also asks, "whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary

delay.' " Id. (quoting Diop, 656 F.3d at 234).  Neither side has produced evidence that the other side has requested continuances or otherwise delayed matters. There is no evidence of bad faith.  This factor is thus neutral. See id. at 212.

**Conditions of Confinement** – The fourth factor requires the court to determine whether "the alien's conditions of confinement are meaningfully different from criminal punishment." Id. at 211 (cleaned up).  Under the law, "if an alien's civil detention under § 1226(c) looks penal, that **tilts the scales** toward finding the detention unreasonable." Id. (citing Chavez-Alvarez, 783 F.3d at 478) (emphasis added)).

The Pike County Correctional Facility is a county jail.  A jail is a jail.  The petitioner's detention remains indistinguishable from criminal punishment.[8] See German Santos, 965 F.3d at 213 (regarding the conditions at Pike County Correctional Facility); see also Chavez-Alvarez, 783 F.3d at 478 (regarding the conditions at York County Prison).  The "conditions of confinement" factor and "length of detention" factors are interdependent parts of the German Santos

---

[8] In his emergency filings, Tchouala asserts that he suffers from several medical conditions, including high blood pressure, anxiety, and chronic chest pain. (See Doc. 7 at ECF p. 2-3). Petitioner contends that the medial staff at the correctional facility have failed to adequately address these conditions despite his repeated requests for treatment. (Id.)  Nonetheless, Tchouala has not submitted evidence substantiating these alleged medical conditions or deficiencies in his care.  Moreover, respondent does not address Tchouala's allegations regarding the conditions of confinement.  On the present record, the court cannot take judicial notice of facts concerning petitioner's medical treatment based solely on his unsupported contentions.

reasonableness test. 965 F.3d at 211 (citing Chavez-Alvarez, 783 F.3d at 478)

("And as the length of detention grows, so does the weight that" courts must give

to the conditions of confinement factor).  Put differently, as detention continues

and the conditions increasingly resemble those imposed as part of a criminal

sentence, due process concerns become more pronounced. Id. at 212–13.

Accordingly, the conditions of confinement factor weighs in Tchouala's favor.

Balancing the German Santos factors, the court concludes that the non-

neutral factors weigh in favor of finding petitioner's continued detention

unconstitutional.  The petition for writ of habeas corpus will therefore be granted

in part.[9]

**_Form of Relief_** – The relief granted here does not entitle Tchouala to

outright release from detention, as requested in his submissions.[10]  Rather,

---

[9] As discussed above, Tchouala pled guilty to one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). (Doc. 8-2, Resp. Ex. 1, S.D. Guilty Plea at 21). The United States District Court for the Southern District of Texas sentenced him to eighteen months of imprisonment, followed by a two-year term of supervised release. (Doc. 8-2, Resp. Ex. 1, S.D. Tex Judgment at 37, 38).  Thus, to the extent there is concern that Tchouala might be released on bond notwithstanding his criminal history, Tchouala would still remain under the supervision of both federal probation officers and immigration authorities for at least another year. (See id. at 38-39).

[10] In addition to his habeas petition and traverse, Tchouala filed an emergency motion for temporary restraining order ("TRO") along with a supporting brief, as well as an emergency motion to expedite a ruling on his petition. (Docs. 7, 10, 13).  Petitioner also filed a motion, accompanied by a supporting brief, requesting that the court either conduct the bond hearing or, alternatively, order a constitutionally adequate bond hearing. (Docs. 11, 12). Tchouala also submitted a supplement containing certificates reflecting his educational achievements and completion of various programs while incarcerated. (Doc. 9).

because of the violation of his due process rights, the petitioner is entitled to a timely bond hearing before a neutral IJ.  At that hearing, the government will bear the burden of justifying Tchouala's continued detention by clear and convincing evidence that "must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." German Santos, 965 F.3d at 213–14.  That is the standard the IJ must apply. See id.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Baudelaire Tchouala 's petition for writ of habeas corpus, (Doc. 1), is **GRANTED** in part;

2) Respondent shall, **within 14 days of the date of this order,** provide Tchouala with an individualized bond hearing before an IJ in accordance with the analysis in the memorandum order;

3) At that hearing, the **government will bear the burden of establishing, by clear and convincing evidence, that Tchouala's continued detention is necessary because he presents a flight risk or danger to the community if released**;

4) Tchouala' motions: 1) for a TRO, (Doc. 7); 2) for a bond hearing, (Doc. 11); and 3) to expedite ruling on his habeas petition, (Doc. 13), are all **DENIED** as moot; and

13

5) The Clerk of Court is directed to **CLOSE** this case.

Date: 5/19/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

14